BIENIEK, APPELLEE, *v.* BIENIEK, APPELLANT.

(No. 1428—Decided October 23, 1985.)

*Roger R. Ingraham,* for appellee.
*Jacob A. H. Kronenberg,* for appellant.

GEORGE, P.J. This appeal concerns a post-decree motion for a transfer of jurisdiction from Medina to Cuyahoga County. The transfer was denied.

Jurisdiction was first lodged in the Domestic Relations Division of the Medina County Court of Common Pleas in 1976, when both parties were residents of Medina County. After dissolution of their marriage in 1980, plaintiff-appellee, Vicki Ann Bieniek, moved to the state of Wisconsin, taking the two youngest minor children with her. Defendant-appellant, Robert E. Bieniek, became custodial parent of the eldest child by an agreement of the parties, approved by the court. In 1983, Robert moved his residence to Cuyahoga County, near his work.

In November 1984, Robert filed a motion to transfer jurisdiction which was accompanied by his affidavit, setting forth the reasons necessitating the transfer, along with the consent to accept jurisdiction signed by the administrative/presiding judge of the Cuyahoga County court. This motion was referred to a referee and considered upon Robert's motion, with attachments, and Vicki's opposition to the transfer.

The referee recommended that continuing jurisdiction be maintained in the Medina County court. Robert filed objections to the referee's report and Vicki responded in opposition to those objections. The trial court held a hearing on the objections, overruled Robert's objections, adopted the referee's recommendations, and denied the transfer of jurisdiction.

Robert raises a single assignment of error: The trial court erred in denying his motion to transfer jurisdiction with the consent of the transferee court.

The Medina County court had jurisdiction of this matter for approximately ten years prior to the motion requesting the transfer. During that time, at least seven separate motions in contempt were filed against Robert for his failure to pay child support as ordered. Additionally, another such motion was filed after the denial of the transfer motion.

The Medina County court noted that Robert had a pattern of allowing child support arrearages to accumulate to a substantial level before paying any arrearage to avoid prosecution. However, even more revealing is Robert's affidavit attached to the motion for transfer. He indicates that he has continuing disputes with Vicki as to the credits due him under the decree and suggests that these matters need to be brought to the attention of the court.

There is no mandate to the Medina court, with or without the consent of the Cuyahoga court, to transfer jurisdiction. Either the transfer or the retention of jurisdiction is discretionary. Here, the referee found no compelling reason for the granting of a transfer and further

found that Medina was better able to deal with the case. The trial court's adoption of the recommendation clearly falls within the exercise of its discretion, as the record here is replete with good reasons for the maintenance of the cause in Medina. Therefore, the assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

QUILLIN and BAIRD, JJ., concur.