THE STATE, EX REL. LIBERTY MILLS, INC., *v.* LOCKER, DIRECTOR.

[Cite as State, ex rel. Liberty Mills, Inc., *v.* Locker (1986), 22 Ohio St. 3d 102.]

(No. 85-1542—Decided February 12, 1986.)

*Gamble & Hartshorn* and *Kenneth A. Gamble,* for relator.

*Anthony J. Celebrezze, Jr.,* attorney general, *John K. Maguire* and *B. Douglas Anderson,* for respondent.

DOUGLAS, J. Mandamus is an extraordinary writ that must be granted with caution. R.C. 2731.01 provides that mandamus is "* * * a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specifically enjoins as a duty resulting from an office, trust, or station." R.C. 2731.05 provides that "[t]he writ of mandamus must not be issued when there is plain and adequate remedy in the ordinary course of the law." In order for a writ of mandamus to issue, a relator must show that (1) he has a clear legal right to the relief prayed for, (2) respondent is under a clear legal duty to perform the requested act, and (3) relator has no plain and adequate remedy in the ordinary course of the law. *State, ex rel. Cody,* v. *Toner* (1983), 8 Ohio St. 3d 22.

R.C. 926.04(A) provides that no person shall handle agricultural commodities without first obtaining a handler's license issued by the Director of Agriculture. To obtain a license, one must submit an application with the prescribed fee, R.C. 926.05(A) and (B); meet the financial requirements of R.C. 926.06(B); and submit a current financial statement, not more than six months old, prepared by a qualified person setting forth the information required by R.C. 926.06(C). In addition, an applicant, pursuant to R.C. 926.07(A), must file a certificate of insurance with the director, issued by an authorized insurer, insuring in the name of the applicant all agricultural commodities handled or which may be handled by the applicant.

Relator contends that it has complied with all of the statutory requirements and we determine this assertion to be accurate. We find where

an applicant for an agricultural commodity handler's license is in full compliance with the requirements set forth in R.C. Chapter 926, the Director of Agriculture is required to issue such license.

Respondent contends, however, that pursuant to R.C. 926.06(A), it is discretionary with him, as director, whether or not to issue a license, the statute reading, "[t]he director of agriculture *may* issue a handler's license * * * [emphasis added.]" Respondent argues that since an officer of relator was previously an officer and stockholder in Sharrock Elevator, Inc., another grain handling company which failed and was placed in receivership, that the director was exercising his discretionary authority and, on this basis, had the authority to deny the licenses sought by relator. We do not agree with the director.

On November 20, 1985, there was filed with this court a copy of an order issued by the respondent in response to relator's administrative appeal. In that order, dated November 16, 1985, respondent affirmed the denial of relator's applications for licenses "because of the close connection between Liberty Mills, Inc. and Sharrock Elevator, Inc." The findings upon which the order was based were the same as those relied upon in the original denial, to wit: that relator was using the same facilities as the now defunct Sharrock Elevator, and that the wife of the president of Sharrock Elevator, an agent of Sharrock Elevator, was also an officer of relator. There was no finding that any of the statutory requirements had not been met.

Based upon the foregoing, we find that relator has shown that it has a clear legal right to have the licenses issue and that respondent has a clear legal duty to perform the issuing act. We also find that relator has no plain and adequate remedy at law. A substantial portion of relator's business as an agricultural commodity handler is done during the harvest season. Following normal administrative and appellate procedures would cause additional irreparable harm to relator as the harvest season and activities attendant thereto would have come and gone long before any final decision would be forthcoming in relator's case. For a remedy at law to be adequate, the remedy should be complete in its nature, beneficial and speedy. *State, ex rel. Merydith Constr. Co.,* v. *Dean* (1916), 95 Ohio St. 108, 123. The question is whether the remedy is adequate under the circumstances. *State, ex rel. Butler,* v. *Demis* (1981), 66 Ohio St. 2d 123, 124 [ 20 O.O.3d 121]. We find here that the remedy at law of appeal would not be adequate. In addition, the mere existence of the remedy of appeal does not necessarily bar the issuance of a writ of mandamus. *State, ex rel. Emmich,* v. *Indus. Comm.* (1947), 148 Ohio St. 658 [36 O.O. 265]; *State, ex rel. Cody,* v. *Toner, supra,* at 23. Thus, where the Director of Agriculture denies an application for an agricultural commodity handler's license from an applicant who has fully complied with the requirements set forth in R.C. Chapter 926, mandamus is a proper action to obtain the issuance of the license.

Accordingly, we find that the respondent should have issued the licenses in question and we order him to do so forthwith. The writ of mandamus is hereby allowed.

*Writ allowed.*

CELEBREZZE, C.J., SWEENEY, HOLMES and C. BROWN, JJ., concur.

LOCHER and WRIGHT, JJ., dissent.

LOCHER, J., dissenting. R.C. 926.06(A) states in *full* that "[t]he director of agriculture *may issue* a handler's license, or renewal thereof, upon the payment of the prescribed fee, *if the director is satisfied* that the applicant meets the standards of financial responsibility required under this section and has complied with this chapter and the rules adopted under it." (Emphasis added.) The language "may issue" does not stand alone—it is specifically predicated upon the satisfaction of the director with the financial responsibility of the applicant. In my view relator's relationship with another grain-handling company that failed and was placed in receivership more than suffices to create questions as to the ability of relator to properly undertake its responsibilities. These questions can not be resolved within the purview of this court but rather should be within the discretion of respondent. Similarly, the broad range of financial information available to the director in consideration of the issuance of a license specified under R.C. 926.06(B) and (C), including extensive financial statements and a certified public accountant's opinion of an applicant's financial status, is in derogation of the majority's implicit assumption that issuance of a license is a purely ministerial function that must be accomplished after perfunctory compliance with the statute. Thus, I perceive no clear legal right to issuance of the license. Similarly, we cannot use the extraordinary writ of mandamus to control official discretion. *State, ex rel. Breno,* v. *Indus. Comm.* (1973), 34 Ohio St. 2d 227, 230 [63 O.O.2d 378].

Additionally, the majority states that "normal administrative and appellate procedures would cause additional irreparable harm to relator as the harvest season and activities attendant thereto would have come and gone long before any final decision." Unfortunately for relator the harvest has already come and gone and this assertion is moot. Moreover, the majority's concern over a "speedy" remedy is misplaced since "speedy" is not a determinative consideration; otherwise, under this criterion, every civil action would have to be resolved by mandamus.

With today's decision I would urge the Director of Agriculture to promulgate rules, pursuant to R.C. 926.02(F), to take into account the circumstances giving rise to the original refusal to grant the license. The existence of such rules would have rendered this action unnecessary

although, in my view, the ability of the director to promulgate such rules belies any suggestion that the director's activities are ministerial. Accordingly, I dissent.

WRIGHT, J., concurs in the foregoing dissenting opinion.