THE STATE, EX REL. BAKER ET AL., APPELLEES, *v.* CUYAHOGA COUNTY BOARD OF COMMISSIONERS ET AL., APPELLANTS.

(Nos. 53971 and 53975—Decided February 1, 1988.)

*Burke, Haber & Berick Co., L.P.A., Joseph F. Lombardo* and *Richard L. Stoper, Jr.,* for appellees.

*John T. Corrigan,* prosecuting attorney, *Patrick J. Murphy* and *Michael P. Butler,* for Cuyahoga County Board of Commissioners.

*Keith A. Savidge* and *Thomas M. Carolin,* for appellant American Taxi Service, Ltd.

*Per Curiam.* Appellants, Board of County Commissioners of Cuyahoga County ("board") and American Taxicab Services, Inc., appeal the trial court's issuance of a writ of mandamus on behalf of appellees, the Yellow Cab Company ("Yellow Cab") and fourteen individuals who drive Yellow Cabs.

In March 1987, the board made available to prospective bidders the bid specifications for transportation services to be provided for clients of the Department of Human Services between April 13, 1987 through April 12, 1988. The specifications set forth a fifteen percent Minority Business Enterprise ("MBE") requirement for prospective bidders. The MBE program requires that at least fifteen percent of the funds expended for the purchase of services, goods and supplies shall be awarded to minority companies. The instructions to bidders further provided that only MBE's certified by the County Office of Equal Opportunity ("OEO") were eligible to participate in the county's MBE program.

The bid specifications on the transportation contract provided that bids would be received by the board at 11:00 a.m. on March 27, 1987. On March 23, 1987, fourteen Yellow Cab drivers submitted applications to the OEO for certification as MBEs. On March 24, 1987, counsel for the drivers was notified that the Yellow Cab drivers' applications for MBE certification were denied. Absent MBE classification, bids on the county's

transportation contract would not be in compliance with bid specifications.

On March 26, 1987, the Yellow Cab Company and the fourteen minority drivers who had been denied MBE certification filed a complaint for injunctive relief and a petition for a writ of mandamus with the Cuyahoga County Court of Common Pleas against the board, Commissioners Mary O. Boyle, Timothy F. Hagan and Virgil E. Brown, the OEO, Raney Powell, Director of OEO, and unnamed bidders and MBEs. The relators sought to temporarily prohibit the board from opening sealed bids for the transportation contract and to direct the county to certify the individuals as MBEs.

The trial court granted a temporary restraining order, effective during the pendency of the proceedings. After a trial on the merits, the court issued a writ of mandamus to the board ordering that the individual relators be certified as MBEs, with all the rights and privileges allowed to certified MBEs. The trial court also promptly filed findings of fact and conclusions of law.

Both the board and American Taxicab Services, Inc. filed timely notices of appeal. By order dated July 31, 1987, this court consolidated both appeals.

The appellants bring two assignments of error:

Assignment of Error No. 1
"The trial court erred in issuing a writ of mandamus when the requirements at law for the issuance of such a writ have not been demonstrated."

Assignment of Error No. 2
"The decision of the trial court is contrary to, and not in accordance with, the weight of the evidence presented."

These assignments of error are without merit.

I

In their first assignment of error, the appellants contend that the relators-appellees have not met the threshold requirments for the issuance of a writ of mandamus. We do not agree.

R.C. 2731.01 provides that mandamus is "a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station." The Ohio Supreme Court has recognized that "[i]n order for a writ of mandamus to issue, a relator must show that (1) he has a clear legal right to the relief prayed for, (2) respondent is under a clear legal duty to perform the requested act, and (3) relator has no plain and adequate remedy in the ordinary course of the law." *State, ex rel. Liberty Mills, Inc.,* v. *Locker* (1986), 22 Ohio St. 3d 102, 103, 22 OBR 136-137, 488 N.E. 2d 883, 885. See R.C. 2731.05.

In the instant case, the relator Yellow Cab drivers have, to the satisfaction of the trial court, demonstrated compliance with the requirements that warrant the issuance of the writ of mandamus.

The relator Yellow Cab drivers have a right to MBE certification as qualified minorities. R.C. 307.921 authorizes the board to "develop a policy to assist minority business enterprises, as defined in sections 122.71 and 123.151 of the Revised Code."

R.C. 122.71(E) provides:

"(E)(1) 'Minority business enterprise' means an individual, partnership, corporation, or joint venture of any kind that is owned and controlled by United States citizens, residents of Ohio, who are members of one of the following economically disadvantaged groups: Blacks, American Indians, Hispanics, and Orientals.

"(2) 'Owned and controlled' means that at least fifty-one per cent of the business, including corporate stock if a corporation, is owned by persons who belong to one or more of the groups set forth in division (E)(1) of this section, and that such owners have control over the management and day-to-day operations of the business and an interest in the capital, assets, and profits and losses of the business proportionate to their percentage of ownership. In order to qualify as a minority business enterprise, a business shall have been owned and controlled by such persons at least one year prior to being awarded a contract pursuant to this section."

The board has defined an MBE as "one that is at least 51% owned and controlled by United States citizens who are Black, Hispanic, Asian/Americans, Pacific Islander, American Indian and Alaskan Native." Board Resolution No. 417328 (Apr. 17, 1984). Furthermore, the board has acknowledged in its bid specifications that MBE certification is obtained through OEO.

Timothy P. Smith, an OEO specialist, testified at trial that OEO is the agency responsible for certifying MBEs and that the only criteria are that the applicant (1) be a qualified minority, (2) be a fifty-one percent owner of his operation, and (3) be fifty-one percent in control of his operation.

In the instant case the appellants have raised no issue as to whether the relators qualify as minorities. However, the OEO's specialist, Smith, testified at trial that the OEO had denied the drivers MBE certification because it had been determined that they did not sufficiently control their individual operations under the terms of the Yellow Cab lease agreement. The contract between Yellow Cab and the individual drivers provided for a lease that was renewable on a day-to-day basis and which was terminable at will by either party.

The trial court found the board's reasoning on the issue of control insufficient to support the denial of MBE certification on behalf of the relators under the guidelines set forth in R.C. 122.71(E).

In its findings of fact, the trial court noted: "Each Relator is a Black citizen of the United States, a resident of Ohio, and has operated as a sole entrepreneur for more than one (1) year." As such, each relator qualified as a minority.

In determining whether the relators qualified as fifty-one-percent owners of their respective taxi operations, the trial court looked to the independent contractor status of Yellow Cab drivers set forth in the lease agreement each driver made with Yellow Cab. The lease provides:

## "RELATIONSHIP OF LESSOR AND LESSEE

"As an Independant [sic] Contractor free from the supervision and control of Lessor, Lessee is subject only to the ordinances, laws and regulations in the communities in which the leased taxicab is licensed to operate. Lessor will not collect amounts for payment of Social Security, Federal, State, or City income taxes, since those payments are the responsibility of the Lessee as Independent Contractor. The Lessee recognizes and acknowledges that, because of his or her status as an Independent Contractor, he or she is not covered by Workmen's Compensation Insurance or Federal or State Unemployment Compensation."

The court also found evidence of sufficient control by the drivers in a 1977 Internal Revenue Ruling finding that a Yellow Cab driver "is not an employee for Federal employment tax purposes, including income tax withholding."

The trial court found sufficient evidence of more than fifty-one-percent control by each relator in the aforementioned fact that each driver is an independent contractor and also in the fact that each relator "is free to secure paying customers through his sole efforts and independent of any aid or assistance from Lessor [Yellow Cab]."

The court found additional evidence of ownership and control by the relators in the facts that (1) the drivers pay a daily lease charge for the rental of their taxis and must pay for any gasoline they use, (2) the fares the drivers collect from passengers belong to the drivers and they do not account to Yellow Cab for such income, and (3) the relators regularly engage in "lock in" agreements with individual clients wherein through mutual agreements "the client furnishes the relator with advance information of the client's transportation needs with a commitment that the client will engage the relator for such needs and the relator will be available to fulfill the needs * * *."

The Ohio Supreme Court has recognized that when an applicant for a business license that is key to his business operation has demonstrated full compliance with statutory requirements, the administrative officer is required to issue the license. *Liberty Mills, supra,* at 104, 22 OBR at 137-138, 488 N.E. 2d at 885-886.

In the instant case, the trial court found that, on the established facts, the OEO had the duty, as recognized in *Liberty Mills,* to issue MBE certification to the relator Yellow Cab drivers, all of whom were found to be in full compliance with the requirements for MBE certification.

As a final consideration for the granting of the relators' writ of mandamus, the trial court determined that the time constraints imposed by the bid specifications left the relators with no adequate remedy at law.

The board's bid specifications scheduled bids to be opened at 11:00 a.m. on March 27. If the OEO's denial of MBE certification were not overruled, the relator's bid would not have qualified under the bid specifications and consequently the relators would have been irreparably harmed.

The Ohio Supreme Court has recognized that "[f]or a remedy at law to be adequate, the remedy should be complete in its nature, beneficial and speedy." *Liberty Mills, supra,* at 104, 22 OBR at 137, 488 N.E. 2d at 885-886. The bid deadline set forth in the bid specifications made speedy resolution of the certification denial a key issue in the relators' complaint for a writ of mandamus. The remedy of appeal is consequently inadequate. Furthermore, "the mere existence of the remedy of appeal does not necessarily bar the issuance of a writ of mandamus." *Id.* at 104, 22 OBR at 138, 488 N.E. 2d at 886.

Accordingly, in its findings of fact and conclusions of law, the trial court concluded:

"7. Relators have demonstrated a clear legal right to be certified as minority business enterprises. *State, ex rel. Liberty Mills, Inc.,* v. *Locker* (1986), 22 Ohio St. 3d 102.

"8. Defendants OEO, the board, and Powell have a clear legal duty to certify relators as minority business enterprises. *State, ex rel. Liberty Mills, Inc.,* v. *Locker* (1986), 22 Ohio St. 3d 102.

"9. Relators have no speedy, efficient, complete, and adequate remedy at law. *State, ex rel. Liberty Mills, Inc.,* v. *Locker* (1986), 22 Ohio St. 3d 102, 104."

These conclusions by the trial court are sufficient to justify the court's granting of the writ of mandamus sought by the relator Yellow

Cab drivers mandating that the OEO certify each of them as an MBE. However, as such, the relators are merely qualified to *bid competitively* on the transportation contract with other certified MBEs.

## II

Appellants' second assignment of error, asserting that the trial court's decision is against the manifest weight of the evidence, is meritless.

The Ohio Supreme Court has stated that "[j]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." *Seasons Coal Co.* v. *Cleveland* (1984), 10 Ohio St. 3d 77, 80, 10 OBR 408, 411, 461 N.E. 2d 1273, 1276.

In the instant case, the record reveals that the trial court's findings are corroborated by competent and credible evidence. Accordingly, this court accords the trial court's decision a presumption of correctness and hereby affirms the trial court's issuance of the writ of mandamus on behalf of the relators.

*Judgment affirmed.*

NAHRA, C.J., and J. V. CORRIGAN, J., concur.

PRYATEL, P.J., dissents.

PRYATEL, P.J., dissenting. Respectfully, I dissent from the majority's conclusion that relators were entitled to mandamus. Specifically, I do not believe that relators had sufficient control of their business to qualify them for MBE certification. The relevant language of R.C. 122.71(E) is as follows:

" 'Owned and controlled' means that at least fifty-one per cent of the business * * * is owned by persons who belong to one or more of the groups set forth in division (E)(1) of this section, *and that such owners have control over the management and day-to-day operations of the business * * *.*" (Emphasis added.)

The lease arrangement between the Yellow Cab Company and the drivers is a day-to-day agreement, terminable at will by either party. Furthermore, the contract with the county was for a one-year period. While R.C. 122.71 does not mandate a determination that relators could fulfill a one-year obligation, clearly the county's contract does. Thus, I would reverse the lower court's decision granting mandamus.