THE STATE, EX REL. BENNETT, *v.* BOARDS OF ELECTIONS
OF THE COUNTIES OF OHIO ET AL., RESPONDENTS.

[Cite as State, ex rel. Bennett, *v.* Bds. of Elections of the Counties of Ohio (1990),
56 Ohio St. 3d 1.]

(No. 90-2256—Submitted November 19, 1990—Decided November 20, 1990.)

*Thompson, Hine & Flory, William C. Wilkinson, Gordon M. Strauss* and *John T. Sunderland,* for relator.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Catherine M. Cola,* for respondent Sherrod Brown, Secretary of State.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Catherine M. Cola; Rishel, Myers & Kopech, ·Jack G. Haught* and *James R. Rishel,* for respondents boards of elections.

*Lee Fisher, pro se,* for intervenor.

*Per Curiam.* This cause originated in this court on the filing of a complaint for a writ of mandamus. It involves all "walk in" ballots that were cast under Am. Sub. H.B. No. 237 (R.C. 3503.11 [E][1][b]) and all other absent voter ballots that were cast pursuant to R.C. Chapter 3509 in the general election held November 6, 1990 (the "subject ballots"). Upon the jurisdiction conferred by such filing and to ensure the uniform application of the election laws of Ohio pursuant to the Ohio

1

Revised Code, IT IS ORDERED by the court, *sua sponte*, that respondent Boards of Elections and Secretary of State Sherrod Brown proceed to count the subject ballots in accordance with R.C. 3509.06, as follows:

IT IS ORDERED that respondents set aside and refrain from opening any subject ballot that has been challenged, if such challenge was either sustained or has not yet been resolved.

IT IS ORDERED that respondents count any subject ballot that has been challenged, if such challenge was not sustained.

IT IS ORDERED that respondents count all other subject ballots (*i.e.*, all ballots that have not been challenged).

IT IS ORDERED that the ballots subject to this order be counted pursuant to R.C. 3509.06 and the Secretary of State's Directive No. 90-56, dated November 9, 1990, without regard for any and all temporary restraining orders, stipulated or otherwise, related to this matter.

*Judgment accordingly.*

MOYER, C.J., SWEENEY, HOLMES, WRIGHT, H. BROWN and RESNICK, JJ., concur.

DOUGLAS, J., concurs separately.

DOUGLAS, J., concurring in judgment. I concur in the judgment of the majority with the hope that our order will bring about the proper tabulating, in accordance with the law, of the ballots in question. I write separately only because I fear that today's order will cause additional litigation, thereby further complicating the process and exacerbating an already bad situation. The secrecy of the ballot is as fundamental to ordered liberty and our democracy as any other precept. When that precept is challenged in any way, we should move swiftly and affirmatively, in accordance with law, to lay the challenge to rest.

Pending before this court are actually two actions. The first is case No. 90-2252. This action seeks a writ of prohibition to prevent judges in all of Ohio's eighty-eight counties from taking any action with regard to the counting of the so-called "237" ballots. It is axiomatic that a trial court, in the first instance, determines its own jurisdiction. Unless there is an absolute and clear usurpation of judicial power, prohibition will not lie. I do not find, on the limited record before us, that this has occurred or is about to occur. However, this matter is now essentially moot since the "order" issued by the court purports to give final relief in the controversy. Therefore, the prohibition action should be dismissed.

The second action before us is case No. 90-2256. This action seeks a writ of mandamus to require the boards of elections in all eighty-eight counties of our state to process (count), in accordance with the Ohio Revised Code and the Ohio Constitution, the ballots in question. The mandamus action seeks an order that will ensure the counting of the ballots in such a way as to maintain the absolute secrecy of the ballots. I would grant the requested writ of mandamus.

R.C. 2731.01 provides:

"Mandamus is a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station."

There are three prongs that must be satisfied before a writ of mandamus may issue. First, a relator must show

that there is a clear legal duty of a respondent to do the act requested. *State, ex rel. Cody,* v. *Toner* (1983), 8 Ohio St. 3d 22, 8 OBR 255, 456 N.E. 2d 813. There can be no question that the boards of elections have a clear legal duty to count ballots properly cast in the election of November 6, 1990. Second, there must be a showing by the relator that relator has a clear legal right to have the requested act performed. *Id.* Again, there can be no question that any voter in the state of Ohio has the right to demand that ballots cast in an election be properly and promptly counted. Third, relator must have no plain and adequate remedy in the ordinary course of the law. *Id.*; R.C. 2731.05. "* * * For a remedy at law to be adequate, the remedy should be complete in its nature, beneficial and speedy. * * *" *State, ex rel. Liberty Mills, Inc.,* v. *Locker* (1986), 22 Ohio St. 3d 102, 104, 22 OBR 136, 137, 488 N.E. 2d 883,

885-886, citing *State, ex rel. Merydith Constr. Co.,* v. *Dean* (1916), 95 Ohio St. 108, 116 N.E. 37. Relator here has no adequate remedy at law. By the time a challenge through the courts following a normal schedule would be concluded, it would be time (four years) for another election for Attorney General.

Having met all the requirements for a writ of mandamus, the writ should issue and it should be so designated by the name given to it in the law. Failure to do so invites further challenges and resulting litigation and confusion. While I fervently hope I am wrong in this expectation, it is, nevertheless, my fear, and that is why I have argued for the procedure outlined herein.

The ballots should be immediately processed in accordance with the Ohio Constitution and R.C. 3509.06. The absolute secrecy of the ballots should be preserved at all costs.