THE STATE EX REL. ZIEGLER *v.* HAMILTON COUNTY BOARD OF ELECTIONS.

[Cite as *State ex rel. Ziegler v. Hamilton Cty. Bd. of Elections* (1993), 67 Ohio St.3d 588.]

(No. 93-1852—Submitted and decided October 22, 1993.)

*McTigue & Brooks* and *Donald J. McTigue,* for relator.

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, *Philip L. Zorn, Jr.,* Assistant Prosecuting Attorney, and *James W. Harper,* Chief Assistant Prosecuting Attorney, for respondents Hamilton County Board of Elections, Thomas A. Luken, Don Dreihaus, George C. Eyrich, and Ralph B. Cohnen.

An ordinance of the village of Fairfax, Ohio, provides "[t]hat no person shall hold elected office or a combination of elected offices for a period longer than two (2) consecutive four (4) year terms unless a period of at least one (1) four year term of not serving in elected village offices has intervened." The ordinance further provides "[t]hat all previous consecutive terms served by elected officials prior to December 1, 1992 shall be counted in determining eligibility for an elected office under this ordinance."

Relator served as the elected Clerk–Treasurer of Fairfax from April 1, 1956 to March 31, 1992. Wishing to run for Fairfax Village Council in 1993, relator filed a legally sufficient statement of candidacy and nominating petition on August 19, 1993. On August 26, respondent board of elections refused to certify relator's candidacy because the Fairfax term limitation ordinance barred it.

We find the Fairfax ordinance invalid. R.C. 731.12 creates an exclusive set of qualifications for village council members. Cf. *Powell v. McCormack* (1969), 395 U.S. 486, 550, 89 S.Ct. 1944, 1979, 23 L.Ed.2d 491, 533; *State ex rel. Bindas v. Andrish* (1956), 165 Ohio St. 441, 445, 60 O.O. 92, 93, 136 N.E.2d 43, 45. The ordinance conflicts with R.C. 731.12 by adding a new qualification for office. As a nonchartered municipality, Fairfax must "adhere to the state statutes in *procedural* matters of local self-government * * *." (Emphasis added.) *N. Ohio Patrolmen's Benevolent Assn. v. Parma* (1980), 61 Ohio St.2d 375, 382, 15 O.O.3d 450, 455, 402 N.E.2d 519, 524. Qualifications of village officials relate to the "organization and operation" of the village government, *Morris v. Roseman* (1954), 162 Ohio St. 447, 450, 55 O.O. 255, 257, 123 N.E.2d 419, 421, and are thus procedural.

We therefore find that relator has a clear legal right to be a candidate for Fairfax Village Council, and that respondents have a clear legal duty to certify her candidacy. We further find that relator lacks an adequate legal remedy. See *State ex rel Liberty Mills, Inc. v. Locker* (1986), 22 Ohio St.3d 102, 104, 22 OBR 136, 137–138, 488 N.E.2d 883, 885–886. The requested writ of mandamus is granted. Respondents are ordered to certify Virmorgan L. Ziegler as a candidate for the office of member of council of the village of Fairfax at the November 2, 1993 general election.

A.W. SWEENEY, DOUGLAS, RESNICK and PFEIFER, JJ., concur.

MOYER, C.J., WRIGHT and F.E. SWEENEY, JJ., dissent.

MOYER, C.J., dissenting. I dissent from the decision of the majority because I find no constitutional or statutory impediment to the electors of the village of Fairfax, Ohio, limiting the terms of elected officials as they did in the general election in 1992.

On November 3, 1992, a majority of the voters of Fairfax expressed their desire to limit the occupants of the elected offices of their village to those persons who have served no longer than two consecutive four-year terms in any elected village office unless a period of at least one four-year term of not serving has intervened. The voters expressly also provided "[t]hat all previous consecutive terms served by elected officials prior to December 1, 1992 shall be counted in determining eligibility for an elected office under this ordinance."

Because the majority opinion disposes of the issue before us on its interpretation of R.C. 731.12 and because I find no constitutional defect in the ordinance, this dissent is confined to a brief analysis of R.C. 731.12.

Unless their action violates the Ohio Constitution or the United States Constitution, citizens of a charter or noncharter city or village should be free to determine the qualifications of the persons who will serve them in offices of public trust. It is significant that the ordinance adopted by the electors of the village of Fairfax is similar in its effect and import to an amendment to the charter of a charter city. In both instances, it is the electors, not a legislative body, that have determined the basic qualifications of officials and of the structure of the government that is closest to them. Courts should be most reticent to overturn the will of the electors where the action of the electors violates no constitution.

R.C. 731.12 establishes several restrictions on members of a legislative authority of Ohio villages. The statute is silent with respect to term limitations and the Fairfax ordinance therefore does not directly conflict with R.C. 731.12. See *Fondessy Enterprises, Inc. v. Oregon* (1986), 23 Ohio St.3d 213, 23 OBR 372, 492 N.E.2d 797, paragraph two of the syllabus. Moreover, courts should attempt to harmonize ordinances with statutes whenever possible. *N. Ohio Patrolmen's*

*Benevolent Assn. v. Parma* (1980), 61 Ohio St.2d 375, 377, 15 O.O.3d 450, 451, 402 N.E.2d 519, 521. That is particularly true where the ordinance has been adopted by a general vote of the electors of a village.

Even if there were a conflict between the Fairfax ordinance and R.C. 731.12, I would hold that the ordinance is valid because Fairfax may determine qualifications for its own public officials under its home rule power. See Section 3, Article XVIII, Ohio Constitution. We have recently held that a municipality needs no charter to exercise "all powers of local self-government" under Section 3, Article XVIII, Ohio Constitution, *State ex rel. Bedford v. Cuyahoga Cty. Bd. of Elections* (1991), 62 Ohio St.3d 17, 20, 577 N.E.2d 645, 647, and have also held that the setting of qualifications for members of council is a power of local self-government, *State ex rel. Bindas v. Andrish* (1956), 165 Ohio St. 441, 444, 60 O.O. 92, 93, 136 N.E.2d 43, 45. The determination of the qualifications of an elected official is a substantive matter of local self-government and therefore may be determined by a vote of the people. See *State ex rel. Petit v. Wagner* (1960), 170 Ohio St. 297, 300–301, 10 O.O.2d 344, 346, 164 N.E.2d 574, 576–577.

For the foregoing reasons, I would not thwart the will of the electors of the village of Fairfax and would deny the writ of mandamus.

WRIGHT and F.E. SWEENEY, JJ., concur in the foregoing dissenting opinion.