OPINION
{¶ 1} Plaintiffs, Baby Boy Tyus' biological mother, a minor, by and through her next friend and mother, Lynn Harris, and Baby Boy Tyus, by and through his next friend and maternal grandmother, Lynn Harris (collectively "plaintiffs"), appeal from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, granting the motion to dismiss of defendant, Stephanie Tyus. Because we find no reversible error, we affirm.
 {¶ 2} According to plaintiffs' complaint, in October 2000, Baby Boy Tyus was born in California. On November 16, 2000, Baby Boy Tyus' biological mother executed a "Statement of Understanding" that named Wayne and Stephanie Tyus as adoptive parents and permanently relinquished Baby Boy Tyus to the Infant of Prague Adoption Service for the purpose of permitting the adoption of Baby Boy Tyus. After Baby Boy Tyus was placed with the Tyuses, the Tyuses moved to Ohio from California. On August 1, 2001, the Tyuses filed an adoption petition in the Franklin County Court of Common Pleas, Probate Division.[1]
 {¶ 3} On June 21, 2002, plaintiffs sued Stephanie Tyus and Wayne Tyus in juvenile court, seeking a writ of habeas corpus and custody of Baby Boy Tyus. In their complaint, plaintiffs alleged that during the adoption process, the Tyuses failed to advise the probate court they were in the midst of a divorce. Furthermore, plaintiffs also alleged the Tyuses misrepresented their marital status to plaintiffs because earlier the Tyuses had represented themselves to plaintiffs as an established, married couple. Plaintiffs further contended that, according to terms contained in the November 16, 2000 "Statement of Understanding," for five years after the date of adoption, plaintiffs may contest the adoption if plaintiffs were deliberately not told the truth about relinquishing Baby Boy Tyus for adoption. See Exhibit A attached to Co mplaint, at 3.[2]
 {¶ 4} After having been granted additional time to move or plead, defendant Stephanie Tyus answered plaintiffs' complaint on August 9, 2002. Subsequently, on August 21, 2002, Stephanie Tyus moved to dismiss plaintiffs' complaint pursuant to Civ.R. 12(B)(6). On September 18, 2002, the trial court granted plain tiffs a continuance to respond to Tyus' motion to dismiss.
 {¶ 5} On October 16, 2002, plaintiffs moved for leave to file an amended complaint and for transfer of jurisdiction to this court. Plaintiffs did not file a memorandum contra to Stephanie Tyus' motion to dismiss.
 {¶ 6} On December 4, 2002, the trial court granted Stephanie Tyus' motion to dismiss and also dismissed plaintiffs' motions for leave to file an amended complaint and for transfer of juris diction.
 {¶ 7} From the trial court's December 4, 2002 judgment, plain tiffs appeal and assign a single error:
 {¶ 8} "The trial court erred as a matter of law in dismissing the c ase sub judice for lack of jurisdiction."
 {¶ 9} Preliminarily, plaintiffs' single assignment of error asserts the trial court erred by dismissing plaintiffs' case for lack of jurisdiction. However, after careful review of the record, we find the trial court dismissed plaintiffs' case for failure to state a claim for which relief may be granted, not for lack of juris diction.
 {¶ 10} Additionally, although not raised by the parties, we consider whether the trial court's December 4, 2002 entry that is simply captioned "entry" constitutes a judgment entry and a final appealable order. See General Acc. Ins. Co. v. Ins. Co. of N. America (1989),44 Ohio St.3d 17, 20 ("[i]t is well-established that an order must be final before it can reviewed by an appellate court. If an order is not final, then an appellate court has no jurisdiction"). See, also, R.C.2505.02(B)(1) (an order is a final order, which may be reviewed, affirmed, modified, or reversed, when it "affects a substantial right in an action that in effect deter mines the action and prevents a judgment").
 {¶ 11} "For an order to determine the action and prevent a judgment for the party appealing, it must dispose of the whole merits of the cause or some separate and distinct branch thereof and leave nothing for the determination of the court." Hamilton Cty. Bd. of Mental Retardation Developmental Disabilities v. Professionals Guild of Ohio (1989), 46 Ohio St.3d 147, 153. Here, although not captioned "judgment entry," the trial court's entry dismissed plaintiffs' complaint, thereby completely resolving the dispute between the parties, even though defendant Wayne Tyus failed to defend the suit. See Peters v. Arbaugh (1976), 50 Ohio App.2d 30, 32 (concluding the civil rules do not require a judgment to be written in any particular form, except as required by Civ.R. 54, and a judgment entry must disclose a court's intention to terminate the parties' dispute). Moreover, even if Civ.R. 54(B) language be required in this case, its absence will not cause an otherwise final order to not be final. See General Acc. Ins. Co., supra, at 21 ("absence of Civ.R. 54(B) language will not render an otherwise final order not final"). Therefore, based on the foregoing, we conclude the trial court's December 4, 2002 entry constitutes a final judgment and is ripe for appellate revie w.
 {¶ 12} Appellate review of a judgment granting a motion to dismiss a complaint for failure to state a claim is reviewed de novo. Hunt v. Marksman Prod., Div. of S/R Industries, Inc. (1995), 101 Ohio App.3d 760,762, appeal not allowed, 73 Ohio St.3d 1427. For a court to dismiss a complaint pursuant to Civ.R. 12(B)(6), "it must appear beyond a doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." O'Brien v. Univ. Community Tenants Union (1975),42 Ohio St.2d 242, syllabus, following Conley v. Gibson (1957),355 U.S. 41, 78 S.Ct. 99. Moreover, "`in construing a complaint upon a motion to dismiss for failure to state a claim, [a court] must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party.'" Cincinnati v. Beretta U.S.A. Corp., 95 Ohio St.3d 416, 2002-Ohio-2480, at ¶ 5, quoting Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190, 192. Furthermore, "`as long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss.'" Beretta U.S.A. Corp. at ¶ 5, quoting York v. Ohio State Hwy. Patrol (1991),60 Ohio St.3d 143, 145, rehearing denied, 61 Ohio St.3d 1423.
 {¶ 13} Pursuant to R.C. 2725.01, "[w]hoever is unlawfully restrained of his liberty, or entitled to the custody of another, or which custody such person is unlawfully deprived, may prosecute a writ of habeas corpus, to inquire into the cause of such impri sonment, restraint, or deprivation."
 {¶ 14} "A writ of habeas corpus lies in certain extraordinary circumstances where there is an unlawful restraint of a person's liberty and there is no adequate remedy in the ordinary course of law. * * * Habeas corpus relief is the exception rather than the general rule in child custody actions. * * * A writ of habeas corpus will ordinarily be denied where there is an adequate remedy in the ordinary course of the law." Pegan v. Crawmer (1996), 76 Ohio St.3d 97, 99. Moreover, "for there to be an adequate remedy at law, a remedy must be complete, beneficial, and speedy." Marich v. Knox Cty. Dept. of Human Serv. (1989),45 Ohio St.3d 163, 165, rehearing denied, 45 Ohio St.3d 715, citing State ex rel. Liberty Mills, Inc. v. Locker (1986), 22 Ohio St.3d 102.
 {¶ 15} R.C. 2725.04, in pertinent part, provides:
 {¶ 16} "Application for the writ of habeas corpus shall be by petition, signed and verified either by the party for whose relief it is intended, or by some person for him, and shall specify:
 {¶ 17} "(A) That the person in whose behalf the application is made is imprisoned, or restrained of his liberty;
 {¶ 18} "(B) The officer, or name of the person by whom the priso ner is so confined or restrained; * * *
 {¶ 19} "(C) The place where the prisoner is so imprisoned or restr ained, if known."
 {¶ 20} See, also, Chari v. Vore (2001), 91 Ohio St.3d 323, 327, quoting Black's Law Dictionary (7 Ed. 1999) 1556 (" `Verification' means a `formal declaration made in the presence of an authorized officer, such as notary public, by which one swears to the truth of th e statements in the document' ").
 {¶ 21} Furthermore, "to avoid dismissal, a petitioner must state with particularity the extraordinary circumstances entitling him to habeas corpus relief. * * * Unsupported conclusions contained in a habeas corpus petition are not considered admitted and are insufficient to withstand dismissal." Id. at 328. See, also, id. at 327-328 (describing the requirements of R.C. 2725.04 as "mandatory" and finding a habeas corpus petition without any verif ication should have been dismissed).
 {¶ 22} Here, plaintiffs' petition for a writ of habeas corpus did not contain any verification and, consequently, it failed to comply with the mandatory requirements of R.C. 2725.04. Therefore, as a matter of law, the trial court could have properly dismissed plaintiffs' petition because it did not comply with the mandatory requirements of R.C. 2725.04. Chari, supra, at 328; Holloway v. Clerm ont Cty. Dept. of Human Serv. (1997), 80 Ohio St.3d 128, 132.
 {¶ 23} Furthermore, in this case we do not find the trial court abused its discretion by dismissing plaintiffs' motion for leave to amend the complaint for the purpose of complying with the requi rements of R.C. 2725.04.
 {¶ 24} "Civ.R. 15(A) provides that a party may amend its pleading by leave of court and that such leave `shall be freely granted when justice so requires.' The decision of whether to grant a motion for leave to amend a pleading is within the discretion of the trial court. * * * While the rule allows for liberal amendment, motions to amend pleadings pursuant to Civ.R. 15(A) should be refused if there is a showing of bad faith, undue delay, or undue prejudice to the opposing party." Turner v. Cent. Local School Dist. (1999), 85 Ohio St.3d 95, 99. See, also, Gaskins v. Shiplevy (1995), 74 Ohio St.3d 149, 150 ("[t]he Civil Rules may apply to habeas cases where not `clearly inapplicable' by their nature. * * * We do not find Civ.R. 15(A) clearly inapplicable to habeas cases"); Wilimington Steel Products, Inc. v. Cleve. Elec. Illum. Co. (1991),60 Ohio St.3d 120, 122, quoting Huffman v. Hair Surgeon, Inc. (1985),19 Ohio St.3d 83, 87 (" `[t]he term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unrea sonable, arbitrary or unconscionable' ").
 {¶ 25} Here, plaintiffs' motion for leave to amend the complaint was filed nearly two months after Stephanie Tyus' motion to dismiss questioned whether plaintiffs failed to comply with the requirements of R.C. 2725.04. Because plaintiffs waited approximately two months to move for leave to amend the complaint after the issue of plaintiffs' noncompliance with the requirements of R.C. 2725.04 had been raised, we do not find, under these circumstances, the trial court acted unreasonably, arbitrarily or unconscionably in dismissing plaintiffs' motion for leave to amend.
 {¶ 26} Moreover, the trial court did not abuse its discretion by dismissing plaintiffs' motion for transfer of jurisdiction. Here, in their memorandum in support, plaintiffs contended transfer of jurisdiction was warranted for a speedy resolution of the litigation. However, prior to plaintiffs' motion for transfer of jurisdiction, plaintiffs moved for a continuance to respond to Tyus' motion to dismiss and waited nearly four months after initiating litigation to move for transfer of jurisdiction and for leave to amend the complaint. Therefore, under these circumstances, we find the trial court reasonably could have found plaintiffs' concern about a lack of speedy disposition to be wanting. Consequently, in this case we find the trial court's dismissal of plaintiffs' motion for transfer of jurisdiction was not unreasonable, arbitrary or unconscionable. See, e.g., Bieniek v. Bieniek (1985), 27 Ohio App.3d 28 (transfer or retention of juris diction is discretionary).
 {¶ 27} Additionally, on June 21, 2002, when plaintiffs brought their petition for a writ of habeas corpus, plaintiffs had an adequate remedy in the ordinary course of law, namely, proceeding by motion in probate court. Specifically, plaintiffs could have challenged the probate court's adoption decree, which plaintiffs allege in their appellate briefs was finalized in August 2001, by filing a Civ.R. 60(B) motion in the probate court. See, e.g., Barneby v. Zschach (1995), 71 Ohio St.3d 588,589 (habeas corpus petition subject to dismissal because biological mother possessed adequate legal remedy by proceeding by motion in probate court during pendency of adoption proceedings following judgment reversing adoption decree due to invalid conditional consent). Sproule v. Kordeleski (Apr. 12, 1995), Lorain App. No. 94CA005931 (finding alternative legal remedy existed by proceeding in lower court under Civ.R. 60[B]). See, also, Civ.R. 60(B)(3) (permitting filing of motion "not more than one year after judgment" for relief from judgment because of fraud); Civ.R. 60(B)(5) (permitting filing of motion for relief from judgment for "any other reason justifying relief from judgment"). See, also, R.C. 3107.16(B) (appeal from adoption decree based on allegations of fraud permitted within one year after adoption decree is issued). But, see, Marich, supra, at 165 (approving use of habeas corpus under the circumstances of that case because an appeal was not deeme d an adequate remedy).
 {¶ 28} Therefore, even if the trial court had granted plaintiffs' motion for leave to amend their complaint to comply with the requirements of R.C. 2725.04, because plaintiffs had an adequate remedy in the ordinary course of law at the time of plaintiffs' petition for a writ of habeas corpus, the trial court, as a matter of law, would have been required to dismiss plaintiffs' petition for a writ of habeas corpus. See Pegan, supra, at 99, citing In re Hunt (1976), 46 Ohio St.2d 378, paragraph two of the syllabus; Marich, supra, at 168 ("[a] writ of habeas corpus will ordinarily be denied where there is an adequate remed y in the ordinary course of the law").
 {¶ 29} Consequently, for the foregoing reasons, we find plaintiffs' single assignment of error to be unpersuasive and overr ule it.
 {¶ 30} Accordingly, having overruled plaintiffs' single assignment of error and found, as a matter of law, the trial court properly dismissed plaintiffs' complaint pursuant to Civ.R. 12(B)(6), we affirm the judgment of the Franklin County Court of Commo n Pleas, Division of Domestic Relations, Juvenile Branch.
Judgment affirmed.
BRYANT and BROWN, JJ., concur.
[1] However, an uncertified copy of a final adoption decree, which is attached to Stephanie Tyus' motion to dismiss suggests the Tyuses' petition for adoption was granted on August 1, 2001.
[2] Paragraph 17 of the November 16, 2000 "Statement of Understanding" provides: "I understand if I think I was deliberately not told the truth about giving up my child, I have five years after the date the adoption was completed to ask the court to set aside the adoption of my child."