JOURNAL ENTRY AND OPINION *Page 4 
{¶ 1} Northeast Ohio Regional Sewer District (NEORSD), relator-appellant, appeals the judgment of the trial court dismissing its petition for a writ of mandamus.
Relator assigns as error that the trial court improperly considered matters outside of the pleadings in making its ruling and that the trial court effectively converted the motion to dismiss into a motion for summary judgment without giving relator proper notice and an opportunity to present its own evidence as required under Civ.R. 12(B) and 56(C). The trial court found that relator did not have a clear legal right to the relief prayed for in the petition. We agree and affirm the judgment of the trial court.
 {¶ 2} Relator filed its petition for a writ of mandamus on October 12, 2005 against the respondents, Ohio Environmental Protection Agency (OEPA) and Joseph Koncelik, director of the OEPA, to compel them to issue a permit to install (PTI) additional facilities at its combined overflow treatment facility. In the petition, relator asserts that respondents had unlawfully and improperly refused to issue the permit.
 {¶ 3} Respondents filed a motion to dismiss on December 12, 2005 for lack of jurisdiction and failure to state a claim upon which relief can be granted pursuant to Civ.R. 12(B)(1) and (B)(6). Respondents argued that R.C. Chapter 3745 provided the exclusive statutory procedure for review of the director's actions and that the director had recently denied relator's permit application, thereby divesting the court of jurisdiction over the matter. In support of their motion, respondents attached the *Page 5 
affidavit of Paul Novak, an OEPA engineer, that incorporated two letters from OEPA to relator. Relator opposed the motion and requested an immediate hearing on the merits of its petition.
 {¶ 4} The court scheduled a hearing on the merits of the petition for February 24, 2006. Respondents filed a motion to reconsider the scheduling of that hearing, again claiming the court lacked jurisdiction to consider the matter. In a telephone conference on February 21, 2006, the court scheduled oral arguments for the following day on the issue of whether to go forward with the February 24, 2006 hearing on the merits. Following oral argument by both sides, the court granted respondents' motion to dismiss and cancelled the February 24, 2006 hearing.
 {¶ 5} R.C. 2731.02 vests the court of common pleas with authority to issue writs of mandamus. As a court of general jurisdiction, the trial court has authority to determine its own jurisdiction. The record reflects that the trial court stated specifically that it was not interested in hearing about jurisdictional arguments because, "this court is convinced it does have jurisdiction." Respondents' assertion that the court dismissed the petition for lack of subject matter jurisdiction pursuant to Civ.R. 12(B)(1) is wrong. The court had jurisdiction to consider the petition.
 {¶ 6} The Ohio Supreme Court has recognized that "[i]n order for a writ of mandamus to issue, a relator must show that (1) he has a clear legal right to the relief prayed for, (2) respondent is under a clear legal duty to perform the requested act, and (3) relator has no plain and adequate remedy in the ordinary course of the *Page 6 
law." State, ex rel. Liberty Mills, Inc. v. Locker (1986),22 Ohio St.3d 102, 103, 488 N.E.2d 883, 885. See R.C. 2731. Relator had to prove all three elements before the trial court could grant the writ.
 {¶ 7} OAC 3745-42-04(E) states, "Within one hundred eighty days after a completed application is filed, the director shall issue or propose to issue or deny a permit to install or plan approval." It is uncontested that the director failed to act on relator's application within 180 days. Relator filed its mandamus action one day after the deadline for action had passed. Relator did not seek an order compelling the director to consider the NEORSD application and to take some action. Relator sought an order compelling the director to issue the specific permit to install. The trial court found that relator did not have a clear legal right to the relief prayed for in the petition.
 {¶ 8} Relator relies upon the Ohio Supreme Court's decision inState ex rel. Liberty Mills v. Locker (1986), 22 Ohio St.3d 102, to support its position that the court had the authority, not just to order the director to take some action on its application, but to order the director to issue the specific PTI for which it applied.
 {¶ 9} Liberty Mills concerned the failure of the director of agriculture to grant a commodities handler license to a grain-handling business. The relator sought a writ of mandamus to order the director to issue the license, asserting that it had met all of the statutory requirements under R.C. Chapter 926 by (1) paying the fee, (2) submitting the required financial documents, and (3) filing proof of certain insurance *Page 7 
coverage. The supreme court granted the writ, finding that the applicant was in full compliance with the filing requirements set forth in R.C. Chapter 926. The court disagreed with the director's assertion that he had the discretionary authority to deny the application. Therefore, the court found that the applicant had shown a clear legal right to the issuance of the license and the director had a clear legal duty to perform the issuing act.
 {¶ 10} In State ex rel. Baker v. Cuyahoga Cty. Bd. of Commrs. (1988),46 Ohio App.3d 39, we followed the reasoning in Liberty Mills and affirmed the granting of a writ of mandamus ordering the board to certify certain cab drivers as minority business enterprises (MBE). We found that the only criteria for certifying minority business enterprises were that the applicant (1) be a qualified minority, (2) be a 51 percent owner of his operation, and (3) be 51 percent in control of his operation. By demonstrating compliance with these criteria, the applicants showed a clear legal right to the MBE certification.
 {¶ 11} What distinguishes Liberty Mills and Baker from the instant case is the absence of discretionary authority on the part of the administrative officers in making their decisions. All that was required for the relators in those cases to demonstrate a clear legal right to the relief requested was compliance with simple, clearly defined statutory criteria. Absent any discretionary authority, the administrative officers' functions were primarily ministerial. A ministerial function is one in which a person acts "without regard to or the exercise of his own judgment upon the propriety of the *Page 8 
act being done." State ex rel. Trauger v. Nash (1902), 66 Ohio St. 612,618, 64 N.E. 558, 559. Such is clearly not the case with the OEPA review of a PTI application.
 {¶ 12} OAC 3745-42-04 sets forth the criteria for approval of a permit application by the director as follows:
 {¶ 13} "(A) The director shall issue a permit to install or plan approval on the basis of the information appearing in the application or information gathered by or furnished to the Ohio environmental protection agency, or both, if he determines that the installation or modification and operation of the disposal system or land application of sludge will:
 {¶ 14} "(1) Not prevent or interfere with the attainment or maintenance of applicable water quality standards contained in Chapter 3745-1 of the Administrative Code;
 {¶ 15} "(2) Not result in a violation of any applicable laws; and
 {¶ 16} "(3) Employ the best available technology."
 {¶ 17} The determination of what is the "best available technology" is left to the discretion of the director. The director also has the discretion to "take into consideration the social and economic impact of water pollutants or other adverse environmental impacts that may be a consequence of issuance of the permit to install or plan approval." OAC 3745-42-04(C). And, "the director may impose such special terms and conditions as are appropriate or necessary to ensure compliance *Page 9 
with the applicable laws and to ensure adequate protection of environmental quality." OAC 3745-42-04(D).
 {¶ 18} Relator is aware of the discretionary authority the director has in reviewing PTI applications. In its petition, relator states, "to the extent that issuance of a PTI is discretionary, Respondents have already exercised such discretion in favor of the issuance of the PTI to Relator." Relator bases this assertion on a letter sent from the respondents on July 5, 2001 in which the director states that the relator's facilities plan, "meets the applicable state and federal requirements and is hereby approved as adequate and complete." A complete reading of the letter, however, shows that relator's assertion is misleading. The director's letter goes on to state: "This facilities plan will be considered as part of any future submission of a Permit to Install/Plan Approval Application, accompanied by detail plans, as required by the Ohio Revised Code Chapter 6111.44 and the Ohio Administrative Code Chapter 3745-31. Construction shall not be initiated until a permit to install, based upon the approval of detail plans, is obtained from this agency. The approval of this facilities plan shall in no way be construed as acceptance or approval of detail plans."
 {¶ 19} Relator's petition also asserts that its permit application is "administratively complete" and that it has submitted all required plans, fees and information and therefore has a right to issuance of the permit. OAC 3745-42-01 (K) *Page 10 
states, "'Complete,' in reference to an application for a permit, means that the application contains all the information necessary for processing the application. Designating an application complete for purposes of permit processing does not preclude the director from requesting or accepting any additional information." OAC 3745-42-04(A) states that the director shall issue a permit to install on the basis of "information appearing in the application or information gathered by or furnished to the Ohio environmental protection agency, or both * * *." Unlike the situation in Liberty Mills, completing the statutory filing requirements under Chapter 3745 does not give the applicant a clear legal right to the issuance of the permit. It is simply the first step in the permit approval process.
 {¶ 20} The Ohio Environmental Protection Agency is a specialized administrative body charged with protection of the environment. Created in 1972, OEPA is charged with promulgating and executing a long-term comprehensive plan to preserve and protect the natural resources of the state. The director of the agency has the power to take any action necessary to comply with the requirements of state and federal laws and regulations relating to waste disposal and treatment. R.C. 3745.01. To this end, the General Assembly has granted the director of environmental protection broad discretion in the decision to grant or deny permit applications. This discretion is clearly visible in the statutory criteria for issuance of a permit to install as shown above. *Page 11 
 {¶ 21} Relator complied with all the procedural requirements for the filing of its application and was entitled to have the director exercise his discretion and either timely grant or deny its permit. Relator was not entitled to an order of the court directing the director to exercise that discretion in a particular way. "Mandamus will lie to compel an administrative officer or board to exercise discretion, but it will not lie to control discretion." State ex rel. Benton's Village SanitationServ., Inc. v. Usher (1973), 34 Ohio St.2d 59, 60, 295 N.E.2d 657,658. As relator had no legal right to the relief prayed for in its petition, relator failed to state a claim upon which relief could be granted, and the trial court's dismissal was proper.
 {¶ 22} Relator argues that the trial court improperly considered evidentiary materials and factual assertions outside of the petition in making its ruling, thereby converting respondents' motion to dismiss into a motion for summary judgment without giving relator proper notice and an opportunity to present opposing evidence as required under Civ.R. 12(B). Civ.R. 12(B) states, "When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56. * * * All parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56." It appears from the record that the court improperly considered matters outside of the pleadings, specifically the director's December 8, 2005 proposed denial of the permit application, when it found that relator had a plain *Page 12 
and adequate remedy under the law through the appeals process set forth in R.C. Chapter 3745.
 {¶ 23} However, this was not the only basis for the court's ruling. The trial court correctly dismissed the petition after finding that relator did not have a clear legal right to the issuance of the permit. This finding does not rely upon matters outside of the pleadings. Reversal of the court's decision, therefore, is not warranted.
 {¶ 24} Before the trial court may dismiss the petition for failure to state a claim, it must appear beyond doubt from the petition that relator can prove no set of facts entitling it to recovery. O'Brien v.Univ. Community Tenants Union (1975), 42 Ohio St.2d 242. The recovery sought by relator, the issuance of the permit to install, is not relief to which relator is entitled. The decision on whether to issue a PTI requires the director to exercise discretion in several ways. He must consider the information in the application. He must consider other information provided by, or to, the agency. He must consider the social and economic consequences of issuing the permit. He must make specific subjective determinations before granting the permit. OAC 3745-42-04. The trial court has no authority to control these discretionary determinations and conclude that a PTI should issue. This is the relief relator seeks. It is clear from relator's petition that it can prove no set of facts that would entitle it to the specific relief sought.
 Judgment affirmed. *Page 13 
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MELODY J. STEWART, JUDGE
COLLEEN CONWAY COONEY, P.J., CONCURS
SEAN C. GALLAGHER, J., CONCURS WITH SEPARATE CONCURRING OPINION