CENTRAL MOTORS CORPORATION, APPELLANT, *v.* CITY OF PEPPER PIKE ET AL., APPELLEES.

(No. 45177—Decided March 3, 1983.)

Mr. *William D. Ginn* and Mr. *David L. Parham,* for appellant.

Mr. *Robert L. Musser* and Mr. *Richard J. Cusick,* for appellees.

MARKUS, J. In this declaratory judgment action, plaintiff-landowner asserted that defendant-city prevented plaintiff's intended use of the subject property by invalid zoning revaluation. The trial court conducted a trial and dismissed plaintiff's case at the close of plaintiff's evidence. This court reversed that ruling and remanded the case for further proceedings. Thereafter, the city rezoned the property in a manner that still prohibited plaintiff's proposed use, and then moved to dismiss the case as moot. Plaintiff responded with a motion to amend its complaint, in order to assert that the new zoning was also improper and that plaintiff's proposed use as modified in alleged conformity with this court's ruling is still reasonable.

Before scheduling a final date for the retrial, the trial court granted defendants' motion, dismissing the case as moot and implicitly denying plaintiff's

motion to amend its complaint. On this second appeal by plaintiff-landowner, we reverse the dismissal order. We direct that plaintiff be allowed to amend its complaint and that the case proceed to trial.

Plaintiff's first assignment of error contends:

"The trial court erred in granting the defendant city's motion to dismiss for mootness after the city had amended its zoning code in a fashion which continued to prohibit plaintiff's requested use for its property."

Moot cases are dismissed because they no longer present a justiciable controversy. The requested relief has been obtained, it serves no further purpose, it is no longer within the court's power, or it is not disputed. The Franklin County Court of Appeals explained this concept in *Davies* v. *Columbia Gas & Elec. Corp.* (1946), 47 Ohio Law Abs. 225, at 228, reversed on other grounds (1949), 151 Ohio St. 417 [39 O.O. 249]:

" 'A "moot case" is one which seeks to get a judgment on a pretended controversy, when in reality there is none, or a decision in advance about a right before it has been actually asserted and contested, or a judgment upon some matter which, when rendered, for any reason, cannot have any practical legal effect upon a then existing controversy.'

"*Ex Parte Steele* [D. C. Ala., (1908)], 162 Fed. 694, 702.

"Courts do not concern themselves with controversies that are not justiciable. As this case now stands in this Court, there is no issue between the parties. The facts well pleaded in the amended petition are admitted. Unless and until there is such issue, a determination that if, and when, an issue arises it will be moot, is certainly premature."

Judge Hurd of this court quoted with approval the comparable definition in Borchard, Declaratory Judgments (2 Ed.), at page 35, while serving on the Trumbull County Court of Appeals in

*Culver* v. *Warren* (1948), 84 Ohio App. 373, at 393 [39 O.O. 506]:

" ' 'Actions or opinions are described as "moot" when they are or have become fictitious, colorable, hypothetical, academic or dead. The distinguishing characteristic of such issues is that they involve no actual, genuine, live controversy, the decision of which can definitely affect existing legal relations.' "

In this case, plaintiff challenged the city's zoning ordinance because it prevented plaintiff from using its property for a multi-story planned unit development. The zoning then in force authorized single family residences on one acre lots, and prohibited plaintiff's proposed use. During the pendency of the action, and after this court ruled that plaintiff had made a *prima facie* showing that the city's zoning was unconstitutional, the city changed the zoning classification for plaintiff's property. The new zoning allows specified low density residential housing, but plaintiff asserts that it still excludes plaintiff's intended use.

Defendants make no claim that the new zoning would permit plaintiff's originally described development for the property. Plaintiff proffered an amended complaint, which modifies that originally described development, and defendants make no claim that the new zoning authorizes the modified proposal. Thus, defendants still deny that the city's zoning regulation for that property is consistent with plaintiff's chosen use, as it was originally formulated or as it has been restructured.

In *Union Oil Co.* v. *Worthington* (1980), 62 Ohio St. 2d 263 [16 O.O.3d 315], at 267, the Supreme Court established procedures which should be followed when a court determines that disputed zoning is invalid:

" '* * * [T]he trial court should give notice to the zoning authority that, within a reasonable time certain, it may, at its option, rezone the property. Further

notice should be given that, if the property is not rezoned within such period of time, the court will authorize the property owner to proceed with the proposed use if, on the basis of the evidence before it, the court determines the proposed use to be reasonable. The court may enjoin the property owner from seeking a building permit, establishing a nonconforming use or otherwise changing the *status quo* during the interim. *If necessary, the court may conduct further proceedings, including the hearing of additional evidence, to determine whether the new zoning restrictions may constitutionally proscribe the owner's proposed use.*

"*In the event the zoning authority either fails to rezone or fails to rezone the property in a constitutionally permissible manner, the court shall examine the reasonableness of the proposed use, and, upon finding that use to be reasonable, enjoin the city from interfering with it.*" (Emphasis added.)

In the present case, this court determined that the challenged zoning was *prima facie* invalid. The city elected not to present rebuttal evidence, but proceeded to rezone the property. That action parallels the response by a government authority which modifies zoning that has been invalidated. Continued judicial involvement is appropriate after zoning has been judicially overruled, in order to ensure that replacement zoning does not suffer from the same unreasonable restraint on the landowner's usage.

Absent that continued judicial concern, the zoning authority could frustrate the court's function by inconsequential changes in zoning regulation. Similarly, zoning modification during the pendency of an action which challenges that restriction should not divest the court of continuing authority to examine the replacement regulation, particularly when the rezoning has apparently been prompted by an adverse ruling. Otherwise, the governmental unit could repeatedly block judicial evaluation of its property controls by making insignificant changes in those controls.

The propriety of the new zoning regulation is not before us, and we express no opinion on that subject. However, that matter is properly before the trial court, since plaintiff contends that the rezoning has the same infirmity as its predecessor. A real justiciable controversy persists between the parties. The issues may be framed differently but the requested relief is still controverted, and the courts have continuing power to grant or deny that relief. The case is not moot. Cf. *Edge* v. *Moraine* (C.P. 1970), 58 O.O.2d 499, 283 N.E.2d 219. Plaintiff's first assignment of error is sustained.

Plaintiff's second assignment of error asserts:

"The trial court erred when it declined to grant the plaintiff property owner's motion seeking leave to file an amended complaint after the defendant city amended its zoning code in a fashion which continued to prohibit plaintiff's requested use for the property."

Civ. R. 15(A) provides, in pertinent part:

"A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty-eight days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party. Leave of court shall be freely given when justice so requires. * * *"

In *Foman* v. *Davis* (1962), 371 U.S. 178, 182, the United States Supreme Court held that leave to amend pleadings under the comparable federal rule should be granted in the absence of any apparent or alleged reason to deny the proposed amendment, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficien-

cies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." The court further stated:

"* * * [T]he grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules."

In the present case, plaintiff filed its original complaint in 1974. On February 16, 1979, this court remanded the case to the trial court for further proceedings. The trial was deferred pending the outcome of a vote on rezoning for the subject property. Prior to the vote, the case was transferred to a different judge who never rescheduled the trial. On August 19, 1981, defendants' city council passed the ordinance rezoning plaintiff's property.

Approximately four months after the rezoning, plaintiff filed its motion for leave to amend its complaint to reflect the changes in the zoning of the subject property and in its proposed plan for its use. The trial judge's dismissal of the case for mootness was tantamount to a denial of plaintiff's motion.

The facts do not indicate any intentional delay, improper motive, or repeated failure to cure any flaws in the pleading on plaintiff's part. Since there was no change in the applicable zoning ordinance from the time plaintiff filed its original complaint until August 1981, plaintiff had no reason to amend its complaint until the latter date. Indeed, plaintiff's proffered amendment is basically "a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Civ. R. 15(E). There is no evident prejudice to defendants by allowing the amendment, because plaintiff would simply assert the same claims against the new ordinance in a new cause of action as it alleged in its original complaint.

The trial court had no justification for its implicit denial of plaintiff's motion for leave to amend. Its failure to grant the motion constituted an abuse of the court's discretion, in the circumstances of this case. Plaintiff's second assignment of error is well-taken.

The trial court's judgment dismissing this action is reversed, and this case is remanded for further proceedings consistent with this opinion.

*Judgment reversed
and case remanded.*

BROGAN, J., concurs.

DAY, P.J., concurs in judgment only.

BROGAN, J., of the Second Appellate District, sitting by assignment in the Eighth Appellate District.