The STATE, ex rel. GREATER CLEVELAND REGIONAL
TRANSIT AUTHORITY et al.,

v.

GRIFFIN, Judge.

[Cite as *State, ex rel. Greater Cleveland Regional Transit
Auth., v. Griffin* (1991), 62 Ohio App.3d 516.]

Court of Appeals of Ohio,
Cuyahoga County.

Nos. 60843, 60844 and 61013.

Decided April 22, 1991.

*McDonald, Hopkins, Burke & Haber Co., L.P.A.,* and *Stephen T. Parisi,* for relator GCRTA.

*Jack G. Day,* for relator Russell T. Adrine.

*Jerome Emoff,* for relator Juan E. Adorno.

*Weston, Hurd, Fallon, Paisley & Howley, Louis Paisley, William H. Baughman* and *Patrick H. Gaughan,* for respondent Burt W. Griffin.

———————

ANN MCMANAMON, Presiding Judge.

Relators, Greater Cleveland Regional Transit Authority, its General Manager and Secretary–Treasurer, its Board of Trustees, individually and collectively (hereinafter "GCRTA"), Russell T. Adrine and Juan E. Adorno, are seeking a writ of mandamus or a writ of procedendo to compel respondent, the Honorable Burt W. Griffin, to render a declaratory judgment in Cuyahoga County Court of Common Pleas case No. 177994. For the following reasons, we grant relators' request.

Adrine has been an employee-general counsel of GCRTA since August 1984. Adorno has been an employee-assistant/associate counsel of GCRTA since April 1982. In 1988–1989, Adrine and Adorno successfully defended against criminal prosecution in *State v. Adrine,* case No. CR–228949, and *State v.*

*Adorno,* case Nos. CR–226665 and CR–228994, in the Court of Common Pleas of Cuyahoga County. Adrine and Adorno submitted claims to GCRTA for lost employment benefits and indemnification for legal expenses resulting from the criminal prosecutions. John T. Corrigan, then Prosecuting Attorney for Cuyahoga County, wrote to GCRTA as follows:

"Pursuant to Section 309.12 of the Ohio Revised Code, it is the duty of this office to protect public funds and to recover misapplied or illegally drawn funds, when necessary.

"It has come to my attention that the board members of the Regional Transit Authority are considering, have considered, or may even have already authorized, the payment of public monies for the defense of RTA employees presently under indictment, or under investigation.

"The Regional Transit Authority is a creature of statute, and as such, its powers and duties are strictly defined and limited by statute. Payment of attorney fees on behalf of employees accused of criminal violations beyond the scope of their official duties, is not among the powers and duties set forth in the statute governing the board's actions, and is improper. An expenditure of public monies for such a purpose is an improper expenditure and will be investigated and treated accordingly. Board approval of a misapplication of public funds can result in personal liability to the individual board members approving said expenditure.

"Finally, you are advised that in addition to recovery of those funds there are other legal ramifications and consequences which can result from the unlawful expenditure of public funds.

"Therefore, you are hereby notified that this office will take immediate action to protect and/or recover public monies improperly authorized to be expended by the board of the Regional Transit Authority."

GCRTA filed a complaint for declaratory judgment, case No. 177994, seeking a determination by the court of whether GCRTA had the authority under R.C. 306.30 through 306.53, R.C. 1701.13(E) and/or its bylaws to provide indemnification to its employees under these circumstances. On October 25, 1990, following a hearing and without deciding the issue presented, respondent ordered GCRTA to decide whether its bylaws authorized indemnification or he would dismiss the complaint for declaratory relief on February 4, 1991. Relators then brought this action, and this court stayed the declaratory proceedings below pending resolution of this case.

A writ of mandamus is available when (1) the relator has a clear legal right to the relief requested, (2) the respondent has a clear legal duty to perform the requested action, and (3) the relator has no plain and adequate

remedy in the ordinary course of law. *State, ex rel. Westchester Estates, Inc., v. Bacon* (1980), 61 Ohio St.2d 42, 15 O.O.3d 53, 399 N.E.2d 81, paragraph one of the syllabus. All three elements are satisfied in this case.

█ Relators have a clear legal right to obtain a declaratory judgment. R.C. 2721.03 provides in part that "[a]ny person * * * whose rights, status, or other legal relations are affected by a * * * statute * * * may have determined any question of construction or validity arising under such * * * statute * * * and obtain a declaration of rights, status, or other legal relations thereunder." Adrine and Adorno sought indemnification for legal fees from their employer. The county prosecutor informed GCRTA that such expenditures were illegal and threatened that personal liability of the board members and other "consequences" could result if the expenditures were approved. GCRTA asked respondent to construe R.C. 306.30 through 306.53, its bylaws, and R.C. 1701.13(E) and declare whether GCRTA has the authority to consider the indemnification claims of Adrine and Adorno in light of the county prosecutor's written threat of prosecution. Certainly the issue of whether GCRTA could provide indemnification was ripe and proper for declaratory relief.

Respondent argues his opinion would be merely advisory because GCRTA may determine under its bylaws that indemnification is unwarranted so that construction of R.C. 306.30 through 306.53 and R.C. 1701.(13)(E) would be unnecessary. This may be true except for the intervention of the county prosecutor who posits indemnification to be illegal. Any consideration by GCRTA of Adrine's and Adorno's claims under its bylaws, which were enacted under the authority of R.C. 306.34 through 306.35, would be under threat of prosecution. The Supreme Court of Ohio has held that "[a]ny person whose rights, status or other legal relations are affected by a law may have determined any question of construction or validity arising under such law, where actual or threatened prosecution under such law creates a justiciable controversy." *Pack v. Cleveland* (1982), 1 Ohio St.3d 129, 1 OBR 166, 438 N.E.2d 434, paragraph one of the syllabus. The county prosecutor has created a clear and justiciable controversy regarding GCRTA's authority under R.C. 306.30 through 306.53 in this case.

█ We hold that respondent has a clear legal duty to render the requested declaration. A court may refuse to render a declaratory judgment pursuant to statute only "when such judgment or decree would not terminate the uncertainty or controversy giving rise to the proceeding." R.C. 2721.07; see, also, *Fioresi v. State Farm Mut. Auto. Ins. Co.* (1985), 26 Ohio App.3d 203, 26 OBR 424, 499 N.E.2d 5. The county prosecutor has stated it would be illegal for GCRTA to indemnify Adrine and Adorno for their legal fees. A

declaration by respondent of whether GCRTA has the authority to allocate funds for employees' legal fees under the circumstances presented pursuant to R.C. 306.30 through 306.53, GCRTA's bylaws enacted thereunder, and R.C. 1701.13(E) would terminate the controversy created by the county prosecutor and, further, would terminate GCRTA's consequent uncertainty.

Finally, relators have no adequate remedy in the ordinary course of law. Although relators may appeal a dismissal of their declaratory judgment action, the mere existence of the remedy of appeal may not be adequate under the circumstances. *State, ex rel. Liberty Mills, Inc., v. Locker* (1986), 22 Ohio St.3d 102, 22 OBR 136, 488 N.E.2d 883; *State, ex rel. Cody, v. Toner* (1983), 8 Ohio St.3d 22, 8 OBR 255, 456 N.E.2d 813. To be considered adequate, the remedy should be complete in its nature, beneficial and speedy under the circumstances. *Liberty Mills, supra.* We believe the avenue of appeal to be inadequate in this case. Where the right to relief is clear, it would be unjust to force an additional costly and prolonged layer of litigation onto these parties and it would be unjust to require any party to languish unnecessarily under a threat of criminal prosecution. The matter can be resolved now and we see no good reason to delay its conclusion.

The more appropriate writ to issue, however, is not a writ of mandamus but is a writ of procedendo since the ultimate relief sought is an order from this court requiring respondent to proceed to judgment on GCRTA's complaint for declaratory relief. See, e.g., *State, ex rel. Doe, v. Tracy* (1988), 51 Ohio App.3d 198, 555 N.E.2d 674.

Accordingly, it is ordered that the stay of respondent's October 24, 1990 order in common pleas case No. 177994 is lifted and respondent shall proceed to judgment without undue delay.

Writ to issue. Costs to respondent.

*Writ granted.*

DYKE and NAHRA, JJ., concur.