OPINION
{¶ 1} Appellant, Shane R. Elersic, appeals from the June 18, 2001 judgment entry of the Lake County Court of Common Pleas denying his petition for post-conviction relief.
 {¶ 2} On February 3, 2000, in Lake County Common Pleas Court case number 99 CR 000364, appellant was found guilty of two counts of breaking and entering, two counts of theft, one count of receiving stolen property, and one count of engaging in a pattern of corrupt activity. Appellant was sentenced in a March 16, 2000 judgment entry. Appellant filed a motion for a new trial, which was overruled in a September 7, 2000 judgment entry. On October 2, 2000, appellant filed his notice of appeal with this court. While his direct appeal was pending, appellant filed a petition for post-conviction relief with the trial court on December 13, 2000. The trial court denied appellant's petition in a June 18, 2001 judgment entry. When this court addressed appellant's direct appeal, we reversed the trial court's judgment entries of March 16 and September 7, 2000 with respect to trial court case number 99 CR 000364.State v. Elersic (Nov. 21, 2001), 11th Dist. Nos. 2000-L-062 and 2000-L-164, 2001 WL 1497192.
 {¶ 3} Appellant has filed a timely appeal of the trial court's judgment entry denying his petition for post-conviction relief and makes the following assignments of error:
 {¶ 4} "[1.] The trial court committed prejudicial error by failing to state with specificity the factual grounds upon which it denied [appellant's] Motion for Post Conviction Relief.
 {¶ 5} "[2.] The trial court erred by denying [a]ppellant an evidentiary hearing when the Petition and affidavit demonstrated substantial grounds for relief."
 {¶ 6} The relief sought by appellant in his petition for post-conviction relief was that the trial court vacate or set aside the judgment or sentence. Since we have already reversed the trial court's judgment entries, appellant's petition is moot. Wilkins v. Wilkinson
(Jan. 15, 2002), 10th Dist. No. 01AP-468, 2002 WL 47051, at 4. "`Moot cases are dismissed because they no longer present a justiciable controversy. The requested relief has been obtained, it serves no further purpose, it is no longer within the court's power, or it is not disputed.'" Id. quoting Cent. Motors Corp. v. Pepper Pike (1983),9 Ohio App.3d 18, 19.[1]
 {¶ 7} In the absence of a justiciable controversy, we must dismiss appellant's appeal.
JUDITH A. CHRISTLEY, J., DIANE V. GRENDELL, J., concur.
[1] We note that on October 17, 2002, appellant filed a "Suggestion This Appeal is Moot." Because appellant's filing was not in the form of a motion requesting some action on the part of this court, we will not address it.