OPINION
{¶ 1} Appellant, Catherine Stacy, appeals the trial court's decision to grant Appellee's Civ. R. 12(B)(6) motion, dismissing her complaint for declaratory judgment under R.C. § 2721.03. (Sept. 18, 2003, Judgment Entry.)
 {¶ 2} Appellant filed her eleven-page complaint for declaratory judgment and "other relief" under R.C. § 2721 in April 2003. Her complaint alleged that Appellees, Mahoning County Prosecutor Paul Gains ("Gains") and the Poland Township Trustees ("the trustees"), unlawfully forced her to resign from her elected position as Poland Township clerk, threatening criminal prosecution. The threatened prosecution concerned the incompatibility of Appellant's employment in two part-time positions for the township after her secretarial position became a bargaining unit position. Appellant also named the Ohio Attorney General as a defendant without asserting any cause of action in support.
 {¶ 3} In her complaint, Appellant asserted that the trustees were unlawfully retaliating against her because of her request to have her Poland police secretary position included in the Chauffeurs, Teamsters, Warehousemen Helpers of America Local #377.
 {¶ 4} Appellant asked the trial court to assess the applicability of R.C. § 2921.42, having an unlawful interest in a public contract, to her dual employment as the police secretary and township clerk. Appellant alleges that the two positions, i.e., township clerk and police secretary, were not incompatible and did not create a conflict of interest. Appellant sought reinstatement as township clerk, damages for lost earnings, loss of reputation and embarrassment; legal expenses and costs.
 {¶ 5} It is important to note that Appellant resigned her position as township clerk prior to filing this declaratory judgment action.
 {¶ 6} The trial court dismissed her complaint because it did not allege the requisite elements to obtain declaratory judgment under R.C. § 2721.03. The trial court specifically concluded that the action was not ripe since she resigned as township clerk, and thus she did not currently hold positions that could be construed as conflicting by the Ohio Ethics Commission. (Sept. 18, 2003, Judgment Entry.)
 {¶ 7} Appellant does not identify assignments of error on appeal. However, she does have four arguments highlighted in her appellate brief:
 {¶ 8} "The trial court erred in determining that the requisite elements of a declaratory judgement [sic] do not exist. This controversy clearly satisfies the requisite elements for the granting of a declaratory judgement [sic] under R.C. 2721.03.
 {¶ 9} "The trial court erred in determining that this matter was not ripe for declaratory judgement [sic] because appellant stacy had (under threat of prosecution) resigned her position as township secretary. The trial court did not possess a valid reason for dismissing the appellant's complaint for declaratory judgement [sic].
 {¶ 10} "The legislature passed two irreconcilable versions of R.C. 2921.42 and the court should grant a declaratory judgement [sic] as to which version is controlling.
 {¶ 11} "The appellees, under color of law, unlawfully and maliciously retaliated against appellant stacy."
 {¶ 12} The crux of Appellant's argument on appeal is that her resignation does not bar her declaratory judgment action; thus, she claims that the trial court erred in dismissing her complaint.
 {¶ 13} Civ. R. 12(B)(6) authorizes the dismissal of a complaint for failing to state a cognizable claim upon which relief may be granted. In reviewing a judgment granting a Civ. R. 12(B)(6) motion to dismiss, an appellate court must independently review the complaint to determine if dismissal was appropriate. Rich v. Erie Cty. Dept. of Human Resources
(1995), 106 Ohio App.3d 88, 665 N.E.2d 278, cert. denied74 Ohio St.3d 1498, 659 N.E.2d 314. An appellate court may not defer to the trial court's decision. Id.
 {¶ 14} Before the court may dismiss a complaint for failure to state a claim upon which relief may be granted, it must appear beyond doubt that Appellant can prove no set of facts in support of her claim which would entitle her to relief. York v. Ohio State Hwy. Patrol (1991),60 Ohio St.3d 143, 144, 573 N.E.2d 1063; O'Brien v. Univ. CommunityTenants Union, Inc. (1975), 42 Ohio St.2d 242, 245, 71 O.O.2d 223,327 N.E.2d 753. In construing a complaint relative to a Civ. R. 12(B)(6) motion to dismiss, a court must presume that all factual allegations in the complaint are true and make all reasonable inferences in favor of the opposing party. Id.
 {¶ 15} The following facts were taken from Appellant's complaint and are to be presumed true under Civ. R. 12(B)(6):
 {¶ 16} Appellant was first elected Poland Township clerk in 1991 while she was employed as the Poland Township police secretary. Both positions were part time. Appellant inquired as to the compatibility of the two positions prior to her first campaign, and she was assured by the Mahoning County Prosecutor's Office that serving as township clerk and police secretary did not create a conflict of interest. She held both positions for almost eleven years.
 {¶ 17} In December of 2000, the trustees advised Appellant that her contract as police secretary was not being renewed. The trustees then learned that Appellant elected to join the Chauffeurs, Teamsters, Warehousemen Helpers of America Local #377 in her position as police secretary. The trustees subsequently reversed their decision and renewed her contract but objected to her request for recognition with the State Employment Relation Board ("SERB"), asserting that her position should be excluded from the bargaining unit. SERB consequently decided to include Appellant's position of police secretary in the bargaining unit.
 {¶ 18} In January of 2002, Appellant wrote to Prosecutor Gains reporting concerns about potential Sunshine Law, Open Meeting Act, and Ohio Public Records law violations by the trustees. At a special meeting in executive session, Gains advised the trustees as to the lawful procedures that they should employ regarding these issues.
 {¶ 19} The trustees subsequently sought Gains' opinion as to the compatibility of Appellant's dual positions. Appellant alleged that this action was in retaliation for her inquiry into the legality of the trustees' acts. The trustees also requested the proper procedure for removing Appellant from one of her two positions. Gains contacted the Ohio Attorney General's Office on these issues, and they referred him to the Ohio Ethics Commission.
 {¶ 20} The Ohio Ethics Commission advised Gains by letter that R.C. §2921.42(A)(4) prohibits a public official from having an interest in a public contract with her own political subdivision, and thus a township clerk is prohibited from being simultaneously employed as the township secretary since public employment is statutorily defined as a public contract. (Complaint ¶ 23, Exh. H.) The Ohio Ethics Commission's position was in letter form and not an Advisory Opinion. The Commission cannot issue opinions based on facts that have already transpired.
 {¶ 21} When presented with the Civ. R. 12(B)(6) motion to dismiss, the trial court concluded that the declaratory judgment action sought was not ripe, since Appellant no longer held a position that could be construed to create a conflict under R.C. § 2921.42(A)(4). (Sept. 18, 2003, Judgment Entry.) Appellant resigned from her elected position as township clerk prior to seeking declaratory judgment.
 {¶ 22} R.C. § 2721.03, the declaratory judgment statute, provides in part, "* * * any person whose rights, status, or other legal relations are affected by a * * * statute * * * may have determined any question of construction or validity arising under the * * * statute and * * * obtain a declaration of rights, status, or other legal relations under it."
 {¶ 23} "In order to obtain declaratory relief, [a] plaintiff must establish (1) that a real controversy exists between the parties, (2) that the controversy is justiciable, and (3) that speedy relief is necessary to preserve the rights of the parties. * * * Inherent in these requirements is the principle that Ohio courts do not render advisory opinions." R.A.S. Entertainment, Inc. v. Cleveland (1998),130 Ohio App.3d 125, 128, 719 N.E.2d 641, citing Burger Brewing Co.v. Ohio Liquor Control Comm. (1973), 34 Ohio St.2d 93, 63 O.O.2d 149,296 N.E.2d 261; Haig v. Ohio State Bd. of Edn. (1992), 62 Ohio St.3d 507,584 N.E.2d 704; Egan v. Natl. Distillers Chem. Corp. (1986),25 Ohio St.3d 176, 25 OBR 243, 495 N.E.2d 904.
 {¶ 24} It has been repeatedly held in Ohio that:
 {¶ 25} "There are only two reasons for dismissing a complaint for declaratory judgment before the court addresses the merits of the case: (1) there is neither a justiciable issue nor an actual controversy between the parties requiring speedy relief to preserve rights which may otherwise be lost or impaired; or (2) in accordance with R.C. 2721.07, the declaratory judgment will not terminate the uncertainty or controversy." Halley v. Ohio Co. (1995), 107 Ohio App.3d 518, 524,669 N.E.2d 70, citing Wagner v. Cleveland (1988), 62 Ohio App.3d 8,574 N.E.2d 533; Burger Brewing Co. supra.
 {¶ 26} A controversy exists when there is a genuine dispute between parties with opposing legal interests and that dispute is of sufficient immediacy that declaratory judgment is necessary. Wagner,62 Ohio App.3d 8, 13.
 {¶ 27} There is no doubt that there is an actual dispute between the parties here, all of whom hold differing legal interests and opinions. Appellant's complaint rests on her assertion that Appellee's legal opinion is incorrect regarding the incompatibility of the township clerk and bargaining unit police secretary positions. Thus she claims that Gains' January 22, 2003, letter asking her to resign one of her two positions in lieu of criminal charges should not have issued. (Complaint, Exh. I.)
 {¶ 28} Appellant claims on appeal that a controversy exists in the instant cause since the controlling criminal statute is unclear. She argues that the law is clear, but that Gains, and presumably the Ohio Ethics Commission, simply relied on an incorrect version of R.C. § 2921.42. She claims that the applicable version of R.C. § 2921.42, enacted June 23, 1994, does not include "employment of an individual" in the meaning of "public contract." As such, Appellant believes that her employment as police secretary was not incompatible with the township clerk position.
 {¶ 29} However, the distinguishing attribute of a moot issue is that it involves, "no actual, genuine, live controversy, the decision of which can definitely affect existing legal relations." Central Motors Corp. v.City of Pepper Pike (1983), 9 Ohio App.3d 18, 19, 457 N.E.2d 1178,9 O.B.R. 19, citing Culver v. Warren (1948), 84 Ohio App. 373, 393,83 N.E.2d 82.
 {¶ 30} While on review we must presume that Appellant's interpretation of R.C. § 2921.42 is correct, it is unclear how or under what cause of action Appellant believes she is entitled to her requested relief. At the time she filed her complaint, she was solely employed by the political subdivision as a police secretary. Thus, at the time she filed her action, there was clearly no conflict to determine. As nothing the trial court could do could affect the existing legal relationship between the parties, Appellant cannot seek a merely advisory opinion from the court. There is no "relief" available to Appellant presuming the trial court could issue an advisory opinion. Further, while it would appear that Appellant actually seeks to maintain some kind of constructive discharge action against the parties, she did not amend her complaint seeking to add these claims. While Appellant sought the removal of her successor in the position of township clerk, she conceded at oral argument that ouster is not an applicable remedy. Ouster can only be granted in a quo warranto action. R.C. § 2733.20; State ex rel. St. Sava v. Riley (1973),36 Ohio St.2d 171, 305 N.E.2d 808, 65 O.O.2d 395. For a writ of quo warranto to be issued, Appellant would be required to show that she was legally entitled to the office and that the current office holder is unlawfully holding that position. State ex rel. Randles v. Hill (1993),66 Ohio St.3d 32, 34, 607 N.E.2d 458. Appellant does not claim that the current township clerk is unlawfully holding that position. Appellant admitted at oral argument that the current official was duly appointed following her resignation.
 {¶ 31} Appellant relies heavily on Peltz v. City of South Euclid
(1967), 11 Ohio St.2d 128, 228 N.E.2d 320, in her argument on appeal. She correctly points out that the plaintiff in Peltz was permitted to proceed in his declaratory judgment action without actually being in violation of the statute that he was challenging. Id. at 131.
 {¶ 32} The plaintiff in Peltz filed a declaratory judgment action, under R.C. § 2721.03, as a property owner and an Ohio senatorial candidate. He was challenging the constitutionality of an ordinance that wholly prohibited political yard signs. Id. at 130. Both the trial court and appellate court found that his declaratory judgment action was moot, holding that because the election in question had already been conducted he lacked standing. Id. at 130. The Ohio Supreme Court disagreed and concluded that:
 {¶ 33} "It was not necessary for the plaintiff, in order to demonstrate the existence of an actual controversy, to place a political sign on his property in violation of the ordinance. Plaintiff's intended action was not speculative nor was defendant's threat hypothetical. If plaintiff had acted, the ordinance would have been applied to his disadvantage. Thus, the record establishes the existence of an actual controversy `between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.' Evers v. Dwyer, 358 U.S. 202, 3 L.Ed.2d 222, 79 S.Ct. 178.
 {¶ 34} "Moreover, the controversy did not disappear after the election * * *, which, although eliminating plaintiff as a candidate, did not eliminate the justiciability of plaintiff's constitutional right as a citizen, resident, and property owner to erect signs for other candidates and issues in the future. * * *" Id. at 131. The Court held that the South Euclid statute violated both the Ohio and the United States constitutions. Id. at 133.
 {¶ 35} Appellant asserts that the threat in the instant cause is, as in Peltz, of sufficient immediacy because Appellee's threat of prosecution was not speculative. She claims that the statute will definitely be applied to her disadvantage if she is elected to a township position in the future while employed as police secretary. However, any threat of prosecution in Appellant's case is contingent upon her becoming re-elected. Not only would Appellant be required to merely run for political office, she would be required to win such office before any possible threat of criminal action could be carried out. This potential threat of prosecution if Appellant is elected is too speculative to constitute an actual controversy of sufficient immediacy. The political sign ban in Peltz is easily distinguished because that ordinance affected every citizen in the city at every election. Further, every case seeking to challenge the sign ban ordinance would have become moot at the trial court level based on the slow pace of the judicial process. The Supreme Court in Peltz noted that the plaintiff's declaratory judgment action had been pending for almost three years. Id. at 132. In addition, Peltz
involved a clear violation of both the Ohio and the United States Constitutions. Id. at paragraph three of the syllabus. There is no alleged constitutional violation in the instant matter.
 {¶ 36} Once Appellant chose to resign her elected position, she voluntarily resolved any conflict, not only in law but between the parties. Unlike the law in Peltz, which affected every resident of the political subdivision and arose over and over again, the matter Appellant seeks to challenge applies on an extremely limited basis: only when a bargaining unit employee of Poland Township wins an elected position within the township. While there certainly may have been a genuine controversy which existed between the parties here, at the time this action was filed there was not any, "actual controversy between the parties requiring speedy relief to preserve rights which may otherwise belost or impaired[.]" (Emphasis added.) Halley v. Ohio Co. (1995),107 Ohio App.3d 518, 524, 669 NE.2d 70, citing Burger Brewing Co. v.Liquor Control Comm. (1973), 34 Ohio St.2d 93, 63 O.O.2d 149,296 N.E.2d 261.
 {¶ 37} Based on the foregoing, Peltz is distinguishable from the instant matter. Until such time that Appellant actually holds two potentially conflicting positions, a declaratory judgment opinion would be purely advisory.
 {¶ 38} Appellant also discusses R.A.S. Entertainment, Inc. v.Cleveland (1998), 130 Ohio App.3d 125, 719 N.E.2d 641, in support of her arguments on appeal. R.A.S. involved a nightclub owner who sought a declaratory judgment that certain live performances were not obscene.R.A.S. argued that because employees had been prosecuted in the past or were threatened with prosecution, its employees were afraid to present some nude and semi-nude performances. R.A.S. claimed that the threat of prosecution impinged on the employees', "constitutionally protected expression." Id. at 128. In concluding that the case was not justiciable, the Eighth District Court of Appeals stated that whether certain proposed performances may constitute obscenity is fact specific. The court held that it would be impossible to determine, without specific facts, whether future live performances were or were not obscene. Id. Thus, the declaration that a proposed dance (which could differ from the actual dance) was not obscene would not terminate the controversy. Id. at 129. R.A.S. does not support Appellant's argument on appeal.
 {¶ 39} Appellant also directs this Court's attention to GreaterCleveland Regional Transit Authority v. Griffin (1991),62 Ohio App.3d 516, 576 N.E.2d 825. In Griffin, the Eighth District Court of Appeals granted a writ of procedendo directing the trial court to proceed on the underlying declaratory judgment action.
 {¶ 40} The facts in Griffin concerned the threatened criminal prosecution of the transit authority for considering whether to indemnify two of its employees' legal expenses. The authority filed a complaint seeking declaratory judgment to determine whether it had the authority under statute and its bylaws to provide indemnification to its employees in a dispute. Id. at 518. Following a trial court hearing, the trial court judge ordered the authority to decide on its own if its bylaws permitted the requested indemnification; otherwise, the trial court would dismiss its complaint. Id. In response to the judge's order, the authority sought a writ of procedendo or mandamus to compel the declaratory judgment. Id.
 {¶ 41} The trial judge argued that his opinion would be purely advisory because, "[the authority] may determine under its bylaws that indemnification is unwarranted so that construction of the * * * [applicable statutes] would be unnecessary." Id. at 519. The Eighth District Court of Appeals partially agreed with the judge's argument. However, the employees continued to seek indemnification from the authority and since the county prosecutor had already advised the authority that its decision to indemnify its employees was illegal and that it would be prosecuted if it proceeded to indemnify, the appellate court found that a justiciable controversy existed. Id. It held that the transit authority had a clear legal right to obtain declaratory judgment and granted the writ of procedendo. Id.
 {¶ 42} Griffin is also distinguishable from the instant cause. The authority was, at the time of filing its declaratory judgment request, under threat of prosecution should it indemnify its employees. The employees' claims with the authority were still pending. Id. In the matter at bar, no matter how the trial court decides, Appellant cannot resume her position as township clerk. Instead of immediately filing her declaratory judgment action when prosecution was threatened, Appellant resigned. Because she resigned, she cannot receive compensation for lost earnings, and at no time did she amend her complaint to allege a constructive discharge. Thus, even if the trial court agrees with Appellant on the interpretation to be given to the relevant statute, Appellant will be entitled to no relief. As such, the trial court's Civ. R. 12(B)(6) dismissal was appropriate. Appellant cannot prove any set of facts in support of her claim entitling her to relief in this matter.
 {¶ 43} As the trial court concluded, Appellant did not maintain two potentially incompatible positions at any time while her action was pending and she was not presently under threat of prosecution. Thus, there was no live controversy of sufficient immediacy before the trial court requiring declaratory judgment.
 {¶ 44} Based on the foregoing, Appellant's complaint fails to state a cognizable claim upon which relief may be granted. Thus, Appellant's arguments lack merit, and the trial court's Civ. R. 12(B)(6) dismissal is hereby affirmed.
Donofrio, J., dissents; see dissenting opinion.
DeGenaro, J., concurs.