DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Unemployment Review Commission ("Review Commission"), appeals from the judgment of the Lorain County Court of Common Pleas, which reversed an administrative decision finding that certain unemployment benefits were potentially chargeable to Appellee, Lorain County Auditor ("Auditor"). For reasons below, this Court does not reach the merits of the assignment of error and we dismiss this appeal as moot.
 {¶ 2} The facts of this case are not in dispute. Robert Hammond ("Hammond"), a Lorain County employee, voluntarily retired from his employment in March, 2003. He subsequently obtained seasonal employment from another employer, but was laid off in December 2003. He filed an application for determination of benefit rights on January 5, 2004.
 {¶ 3} The Ohio Department of Job and Family Services ("JFS"), in an initial determination dated January 28, 2004, allowed Hammond's application, and determined that Hammond was entitled to receive unemployment benefits in the amount of $323.00 per week because of his seasonal employment layoff. JFS also determined that Auditor was responsible for paying 89% of these benefits, and this amount was considered a potential charge to Auditor's account. Auditor sought an appeal on February 9, 2004.
 {¶ 4} In a statement issued to Hammond dated February 12, 2004, JFS indicated that Hammond had received benefits through January 31, 2004, to which he was not entitled. Hammond was ordered to repay the total amount of $969.00, which he promptly remitted.
 {¶ 5} A redetermination decision dated February 26, 2004, affirmed JFS' January 28, 2004, decision and informed Auditor that a reimbursing employer cannot be relieved of potential charges, "even when it is determined the claimant's separation from their employ[er] is disqualifying." Auditor appealed this redetermination and JFS transferred the appeal to the Review Commission.
 {¶ 6} The Review Commission held a hearing on April 27, 2004, and found that because Hammond filed a valid application for the determination of benefit rights on January 5, 2004, JFS had properly assessed a potential charge of $7429.36 to Auditor's account. JFS also determined that Hammond's employer was a reimbursing employer, not a contributory employer, and therefore the potential charges assessed to Auditor's account were proper. Auditor appealed again, but the Review Commission disallowed the appeal on June 1, 2004.
 {¶ 7} Auditor then appealed from the Review Commission's decision to Lorain County Court of Common Pleas. In a judgment dated January 24, 2005, the court reversed the decision of the Review Commission, and found that the Review Commission's decision was "unlawful, unreasonable and against the manifest weight of the evidence." The trial court ordered that the amount which was charged to Auditor's unemployment compensation account, as a result of the benefits paid to Hammond, be restored.
 {¶ 8} The Review Commission appealed, asserting one assignment of error for our review.
 ASSIGNMENT OF ERROR
"The Common Pleas Court erred in reversing the Ohio Unemployment Compensation Review Commission's decision that properly assessed a potential charge to the Appellee's account where that decision was not unlawful, unreasonable or against the manifest weight of the evidence."
 {¶ 9} The Review Commission argues that the trial court erred when it found that its decision to charge Auditor's account with potentially payable benefits for Hammond was unlawful, unreasonable and against the manifest weight of the evidence. Specifically, the Review Commission asserts that the issue before this Court is not whether Hammond was entitled to unemployment benefits, but whether the initial decision to assess benefits to Auditor as potentially payable was correct. Auditor claims this decision to assess benefits to their account was incorrect because Hammond's voluntary retirement and his receipt of a full PERS pension disqualified him from receiving additional benefits from Auditor. We disagree with both these arguments.
 {¶ 10} This Court finds that the genuine issue in this case is not the Review Commission's initial decision to assess potentially payable benefits to Auditor. The issue to be analyzed is whether or not the Review Commission's second decision determining Hammond's ineligibility for unemployment benefits and subsequent return of the $969.00 he had received was correct. Regardless of whether the trial court erred in reversing the Review Commission's initial decision which assessed potential benefits to Auditor, the trial court's judgment is now moot because it does not change the parties' position, nor does it change the ultimate issue of the payout of unemployment benefits.
 {¶ 11} Without undertaking an analysis of JFS' current procedures of initially determining whether or not an individual is entitled to unemployment benefits, the decision to charge Auditor's account with potentially payable benefits is now a moot issue. Although Auditor was charged for potential benefits to be paid to Hammond, and despite the fact that some of the benefits were indeed paid to Hammond before it was determined that he was not eligible to receive them, the Review Commission subsequently determined he was not eligible for benefits and Hammond returned the $969.00 he received. At the present time, there is no outstanding money to be returned, and no dispute as to whether Hammond is eligible for benefits. Hammond is not appealing his ineligibility or the fact that he had to repay what benefits were awarded to him. This Court finds that Auditor has suffered no detriment and has since been made whole.
 {¶ 12} "Ohio courts have long exercised judicial restraint in cases that are not actual controversies." Ferritto v. Twinsburg, 9th Dist. No. 21210, 2003-Ohio-1302, at 2-3, quoting Tschantz v. Ferguson (1991),57 Ohio St.3d 131, 133. "No actual controversy exists where a case has been rendered moot by an outside event." Tschantz, 57 Ohio St.3d at 133.
 {¶ 13} Any opinion issued by this Court on the merits of this case would be completely advisory, and have no practical effect on the proceedings. This Court may not issue an advisory opinion. See State exrel. Barletta v. Fersch, 99 Ohio St.3d 295, 2003-Ohio-3629, at ¶ 22;Stacy v. Gains, 7th Dist. No. 03MA193, 2004-Ohio-7213, at ¶ 30; Kochalkov. Kochalko, 5th Dist. No. 04CA15, 2004-Ohio-7098, at ¶ 16; Jayne v.Wayne Mut. Ins. Co., 4th Dist. No. 04CA9, 2004-Ohio-6934, at ¶ 14.
 {¶ 14} Appellant's assignment of error is dismissed as moot. The appeal is hereby dismissed.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Batchelder, J., Moore, J. concur